1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NATHAN J. SOTO, | ) | Case No.: 1:20-cv-00754-DAD-JLT |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | DENYING PLAINTIFF'S MOTION TO PROCEED |
| v. | ) | IN FORMA PAUPERIS AND DISMISSING THE |
| | ) | ACTION WITHOUT PREJUDICE FOR LACK OF |
| KERN COUNTY SHERIFF'S | ) | JURISDICTION |
| DEPARTMENT, et al., | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Nathan Soto seeks to proceed *pro se* and *in forma pauperis* in this action against the Kern County Sheriff's Department, Kern County District Attorney, and Kern County Superior Court. (Doc. 1.) According to the plaintiff, his rights were violated in relation to an incident involving a Kern County officer that "kicked [his] front door in without a warrant." (*See* Doc. 1.) The Court finds the plaintiff is unable to state a claim upon which relief may be granted, as his claims are intertwined with ongoing state criminal proceedings and barred by the *Younger* abstention doctrine. Therefore, the Court recommends the plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED** without prejudice as the Court lacks jurisdiction.

## I.    Factual Allegations

The plaintiff alleges that John Puga, the arresting officer, kicked in the front door to his private residence without a warrant and absent exigent circumstances. (Doc. 1 at 5.) The plaintiff contends that his Fourth and Fifth Amendment rights are being "openly ignored" by the Kern County Sheriff's

Department, Kern County District Attorney, and Kern County Superior Court. (Id. at 3.) The plaintiff also alleges that his Sixth Amendment rights are being violated because his attorney lies to him and does not help him. (Id.) The plaintiff claims that the Kern County Sheriff's Department refused to accept grievances and the courts are allowing them to deny his rights. (Id. at 5.) The plaintiff seeks monetary compensation "for emotional distress and [his] life being stolen from [him]." (Id. at 3.)[1]

The docket of the Kern County Superior Court indicates that in Case No. MF013423A, the plaintiff was charged with obstruction/resisting an executive office in violation of Cal. Pen. Code § 69; obstruction/resistance of an officer in violation of Cal. Pen. Code § 148(a)(1); and contempt of court in violation of Cal. Pen. Code § 166(a)(4).[2]

## II.    Request to proceed *in forma pauperis*

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to

---

[1] It appears the plaintiff may have intended to attach certain documents but failed to do so. For instance, the plaintiff references "sheriff's narrative pg. 3," however such a document is not included. (See Doc. 1 at 5.)

[2] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The official records of the Superior Court of Kern County, as contained in the court's official website, are sources whose accuracy cannot reasonably be questioned, and judicial notice may be taken of facts on a website of a government agency. *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Denius v. Dunlap*, 330 F.3d 919, 926-27 (7th Cir. 2003) (taking judicial notice of information on the website of a government agency); *United States ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D. Mis. 2003) ("government documents are generally considered not to be subject to reasonable dispute . . . This includes public records and government documents available from reliable sources on the Internet"). Further, judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). Accordingly, the Court takes judicial notice of the docket related to Case No. MF013423A.

2

proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01.  In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities."  *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

The Court recommends the plaintiff's application to proceed *in forma pauperis* be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted.  *See, e.g., Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit"); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

### III.      Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims."  *See* 28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### IV.      Pleading Standards

The Federal Rules of Civil Procedure set forth the applicable standards for pleading complaints. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The

purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint

stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d

266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted).  When factual allegations are well-pled, a court should

assume their truth and determine whether the facts would make the plaintiff entitled to relief;

conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  The Court may grant

leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an

amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## V.     Section 1983 Claims

An individual may bring an action for the deprivation of civil rights pursuant to 42 U.S.C. §

1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a cognizable claim under Section 1983, a plaintiff must allege facts from

which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who

committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);

4

*Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A public defender does not act under color of state law when acting in the role of an advocate. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). The Supreme Court explained public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards that are independent of the administrative direction of a supervisor. *Id.* at 312-22. Consequently, the plaintiff is unable to proceed against his public defender for a violation of his civil rights under Section 1983.

## VI.   Discussion and Analysis

In his complaint, the plaintiff contends that the defendants have violated his Fourth, Fifth and Sixth Amendment rights and alleges emotional distress. (See Doc. 1.)

### A.   Fourth Amendment

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *U.S. Constitution, amend. IV*. Thus, the Fourth Amendment prohibits unreasonable searches by governmental officials. For the protections of the Fourth Amendment to be applicable, an individual must have a reasonable expectation of privacy in the place that is invaded. *Espinosa v. City and County of San Francisco,* 598 F.3d 528, 533 (9th Cir. 2010) (citing *Minnesota v. Carter,* 525 U.S. 83, 88 (1998)). In general, "a search of a home or residence without a warrant is presumptively unreasonable." *Id.* (citing *Lopez-Rodriguez v. Mukasey,* 536 F.3d 1012, 1016 (9th Cir. 2008)).

The plaintiff names the Kern County Sheriff's Department as a defendant in this action. A claim against a local governmental unit for municipal liability requires an allegation that "a deliberate policy, custom or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles,* 477 F.3d 652, 667 (9th Cir. 2007) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694-95 (1978)). In this case, the plaintiff failed to allege facts demonstrating the violation of his Fourth Amendment right was caused by a deliberate policy, custom or practice instituted by the Kern County Sheriff's Department. At most, the plaintiff seems to attempt to impose

liability on the municipality merely because it employed the officer who entered his home. This is insufficient to implicate *Monell* liability, because the municipality may not be held liable on a theory of *respondeat superior*. *Palmer v. Sanderson,* 9 F.3d 1433, 1437-38 (9th Cir. 1993); *Monell,* 436 U.S. at 691 ("a municipality cannot be held liable solely because it employs a tortfeasor"). Therefore, the Court recommends that the plaintiff's claim of a Fourth Amendment violation be DISMISSED.

**B.      Fifth Amendment**

Plaintiff alleges a violation of his civil rights under the Fifth Amendment. However, the Fifth Amendment applies only to actions by the federal government. *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982). There must be a "significantly close nexus" between the federal government and the actor for the Fifth Amendment to apply to nonfederal entities or individuals. *Id.* Here, the plaintiff has not made any factual allegations regarding the defendants' connections to the federal government. Thus, the plaintiff has not stated a cognizable claim for a Fifth Amendment violation, and the Court recommends that this claim be DISMISSED.

**C.      Sixth Amendment**

The plaintiff asserts a violation of his Sixth Amendment rights. Pursuant to the Sixth Amendment,

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

*U.S. Constitution, amend. VI*. However, the plaintiff only states that he has an attorney who lies to him and does not help him. (Doc. 1 at 3.) The plaintiff does not allege sufficient facts to support his claim for a violation of the Sixth Amendment. Consequently, the Court is unable to infer that the plaintiff is being denied a right arising under the Sixth Amendment. The plaintiff is unable to make a cognizable claim on Sixth Amendment grounds and the complaint on these grounds should be DISMISSED.

Additionally, federal courts are required to abstain from interfering on ongoing state criminal matters. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971).  This abstention doctrine applies if four

1   conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates

2   important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional

3   issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the

4   practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger*

5   disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San*

6   *Jose*, 546 F.3d 1087, 1092 (9th Cir.2008).

7        First, it is clear the state criminal proceedings are ongoing, and the plaintiff is in the custody of

8   the state.  Second, the state criminal proceedings implicate important state interests.  Indeed, in *Kelly*

9   *v. Robinson*, 479 U.S. 36, 49 (1986), the Court held, "This Court has recognized that the States'

10  interest in administering their criminal justice systems free from federal interference is one of the most

11  powerful of the considerations that should influence a court considering equitable types of relief."

12  Likewise, in *Younger*, the Supreme Court held, "Since the beginning of this country's history

13  Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases

14  free from interference by federal courts." *Younger*, 401 U.S. at 43.

15       Third, there is no showing the plaintiff could not raise the issue of his counsel in the criminal

16  proceedings, and there is no procedural bar from the plaintiff raising his federal claim in the state

17  proceeding.  *Martori Bros. Distribs. v. James–Massengale*, 781 F.2d 1349, 1352, 1354 (9th Cir. 1985).

18  Thus, he has a full and fair opportunity to raise the federal claims in state court. *Commc'ns Telesys.*

19  *Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019 (9th Cir.1999).  Finally, it appears the plaintiff's

20  complaint seeks to insert the federal court into the ordinary course of state criminal proceedings and, if

21  permitted, would threaten the autonomy of the state court.  Accordingly, the Court finds the claims are

22  barred by the *Younger* abstention doctrine.

23       **D.    Emotional Distress**

24       As part of his prayer for relief, the plaintiff seeks "monetary compensation for emotional

25  distress." (Doc. 1 at 3.) However, it is unclear whether his claim for "emotional distress" is raised as

26  an intentional tort or as negligent infliction of emotional distress.

27       A claim of negligent infliction of emotional distress "contains the traditional elements of duty,

28  breach, causation and damages." *Jacoves v. United Merchandising Corp.*, 9 Cal.App.4th 88, 106 (Ct.

7

App. 1992). A claim for intentional infliction of emotional distress, requires a plaintiff to establish: (1) outrageous conduct by the defendant, (2) who intended to cause or recklessly disregarded the probability of causing emotional distress, (3) and the defendant's actions were the actual and proximate cause (4) of the plaintiff's severe emotional suffering. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004), citing *Brooks v. United States*, 29 F.Supp.2d 613, 617 (N.D. Cal. 1998). The plaintiff has not alleged any facts to support these claims. Therefore, the Court recommends that the plaintiff's claim for "emotional distress" be DISMISSED.

## VII.    Findings and Recommendations

Based upon the facts alleged, it does not appear the deficiencies can be cured by amendment, and granting leave to amend would be futile.  *See Lopez*, 203 F.3d at 1130; *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is unable to proceed on his claims in this Court in light of the *Younger* abstention doctrine.  Accordingly, the Court **RECOMMENDS**:

1.    Plaintiff's complaint be **DISMISSED** without prejudice for lack of jurisdiction;

2.    Plaintiff's motion to proceed *in forma pauperis* be **DENIED**; and

3.    The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).


IT IS SO ORDERED.

Dated:   **June 23, 2020**                              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

8